IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH J. BEREZOSKI, | ) | |
| Plaintiff, | ) | 1:09 C 3860 |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| NRA GROUP, LLC d/b/a | ) | |
| NATIONAL RECOVERY AGENCY, INC., | ) | |
| Defendant. | ) | |

## COMPLAINT

1. Plaintiff, Kenneth J. Berezoski ("plaintiff"), brings this action to secure redress for unlawful debt collection practice engaged in by defendant NRA Group, LLC d/b/a National Recovery Agency, Inc. ("NRA") in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

## JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question), and 15 U.S.C. §1692k (FDCPA).

3. Venue is appropriate because a substantial portion of the events that gave rise to this cause of action occurred here.

## PARTIES

4. Plaintiff is an individual who resides in this District.

5. NRA is a debt collection firm incorporated in Nevada, with offices in Amherst, New York.

## FACTS

6. NRA called plaintiff numerous times in 2009 in an attempt to collect a consumer debt and left at least two messages on plaintiff's voice mail.

7. The voice messages did not identify the caller as a debt collection firm.

8. The voice messages did not identify the debt collection firm that made the the calls.

## COUNT I - FDCPA

9. Plaintiff incorporates all previous paragraphs.

10. 15 U.S.C. §1692d(6) requires that a debt collector making a telephone call provide meaningful disclosure of the caller's identity:

> **A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **\*\*\*\***
> **(6) Except as provided in section [1692b] of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.**

11. Further, 15 U.S.C. §1692e prohibits false, deceptive or misleading statements, and 1692e(11) requires that a debt collector disclose that he is, indeed a debt collector:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **\*\*\*\***
> **(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the**

2

> **communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.**

12. The voice message left on plaintiff's cellular telephone was a "communication" for purposes of debt collection within the meaning of the FDCPA, and CPC was required to make the disclosures required by 15 U.S.C. §§ 1692d(6) and 1692e(11). *Ramirez v. Apex Fin. Mgt., LLC*, 567 F. Supp. 2d 1035 (N.D. Ill. 2008); *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Leyse v. Corporate Collection Servs.,* 03 Civ. 8491 (DAB), 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006); *Stinson v. Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006), see also Letter from Donald S. Clark, Secretary FTC to Rozanne M. Andersen, ACA International General Counsel (July 28, 2006).

13. NRA's voice message for Plaintiff did not make a meaningful disclosure of the caller's identity.

14. NRA's voice message for Plaintiff failed to disclose that the communication was from a debt collector.

WHEREFORE, plaintiff requests this Honorable Court to enter judgment in favor of Plaintiff and the Class and against NRA for:

    (1)    Statutory damages;

    (2)    Attorney's fees, litigation expenses and costs of suit; and

    (3)    Such other relief as the Court deems proper.

Respectfully submitted,

Alexander H. Burke

BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

**JURY DEMAND**

Plaintiff demands trial by jury.

Respectfully submitted,

Alexander H. Burke

BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com